**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:17-cr-148(1) |
| Guadalupe Alejandro Felix-Polendo, | ) | |
| | ) | |
| Defendant. | ) | |

---

Defendant Guadalupe Alejandro Felix-Polendo moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Doc. 194. The United States opposes the motion. Doc. 197. For the reasons below, the motion is denied.

In 2018, Felix-Polendo pleaded guilty to drug conspiracy charges. Docs. 96, 97. The presentence investigation report calculated his sentencing range as 135 to 168 months, based on a total offense level of 33 and a criminal history category I. Doc. 128. He received no status points under United States Sentencing Guideline § 4A1.1(d) and had no criminal history points. Id. But he was subject to a 120-month statutory mandatory minimum. So, Felix-Polendo was sentenced to 120 months in prison. Docs. 134, 135.

Under 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of

later enacted adjustments to the judgments reflected in the Guidelines." <u>Dillon v. United States</u>, 560 U.S. 817, 828 (2010). But the exception is limited; it "does not authorize a resentencing." <u>Id.</u> at 831. "It permits a sentence reduction within the narrow bounds established by the Commission." <u>Id.</u> In deciding whether to reduce a sentence based on a retroactive amendment to the United States Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the reduction authorized by the amendment and then consider whether such a reduction is warranted under 18 U.S.C. § 3553(a). <u>Dillon</u>, 560 U.S. at 826.

Felix-Polendo generally seeks a sentence reduction under Parts A and B of Amendment 821. But neither Part provides relief. As to Part A, this portion of Amendment 821 lowers the number of "status points" received under United States Sentencing Guideline § 4A1.1 for individuals who commit their offense while under a criminal justice sentence. Felix-Polendo received no status points, so he is not eligible for a sentencing reduction under Part A of Amendment 821.

As to Part B, this portion of Amendment 821 provides an offense level reduction for "zero-point" offenders, who are offenders with no criminal history points. <u>See</u> U.S.S.G. § 4C1.1(a). While Felix-Polendo meets that requirement, the reduction does not provide relief because he is subject to a 120-month statutory mandatory minimum. So, Part B of Amendment 821 provides no relief.

After extensive review the entire record and the relevant legal authority, Felix-Polendo's motion to reduce sentence (Doc. 194) is **DENIED**.

       **IT IS SO ORDERED**.

Dated this 8th day of April, 2024.

                                          */s/ Peter D. Welte*
                                          Peter D. Welte, Chief Judge

United States District Court